IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAQUAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-1053 |
| | ) |
| PA FAMILIES, INC., LOYSVILLE YOUTH DEVELOPMENT CENTER, and, BRAD SWISHER, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 16th day of June, 2023, upon consideration of Defendants Loysville Youth Development Center and Brad Swisher's Motion to Change Venue, (Docket No. 7), and Brief in Support, (Docket No. 8), wherein they seek a transfer of this civil rights and tort action to the U.S. District Court for the Middle District of Pennsylvania where these Defendants are located and the alleged events in question took place while Plaintiff was housed at Defendant Loysville Youth Development Center from 2005-2007 and was purportedly sexually assaulted by Defendant Swisher, Plaintiff's Response in Opposition, (Docket No. 10), wherein he opposes the transfer based on the alleged involvement of Armstrong County-based Defendant PA Families, Inc., which helped coordinate and place him at the Loysville facility, and it appearing to the Court that Defendant PA Families, Inc. has not been timely served in this action such that any claims against it would be subject to dismissal under Rule 4(m)[1] and after evaluating the allegations in Plaintiff's Complaint in light of the relevant factors for a discretionary transfer under 28 U.S.C. § 1404(a), *see e.g.*, *Jumara v.*

---

[1] Plaintiff filed his Complaint nearly 11 months ago on July 22, 2022 but service has yet to be made on Defendant PA Families, Inc. Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that

*State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) (private and public factors which must be considered prior to issuing a discretionary transfer under 28 U.S.C. § 1404(a)); *Sloane v. Gulf Interstate Field Services, Inc.*, 2016 WL 4010965 (W.D. Pa. Jul. 27, 2016) (transferring FLSA class action to Middle District of Pennsylvania as Plaintiff worked there and alleged unlawful employment practices took place in that District),

    IT IS HEREBY ORDERED that Defendants' Motion [7] is GRANTED and pursuant to 28 U.S.C. § 1404(a), this matter is TRANSFERRED to the U.S. District Court for the Middle District of Pennsylvania, forthwith;

    In so holding, the Court finds that a transfer to the U.S. District Court for the Middle District of Pennsylvania is in the interests of justice for several reasons. *See* 28 U.S.C. § 1404(a).

    First, the U.S. District Court for the Middle District of Pennsylvania is an appropriate venue where this lawsuit could have been filed initially as a substantial part of the events allegedly took place at Loysville's facility which is located in that District. Second, the relevant private *Jumara* factors, i.e., the first, third, fourth, and fifth, all favor a transfer to that District because:

- Plaintiff's choice of venue here is given little weight because he has indicated in the Civil Cover Sheet that he is a resident of Lackawanna County, Pennsylvania, which is in the Middle District;

- the alleged civil rights violations and tortious actions took place at the Loysville facility where Plaintiff was housed between 2005-2007 and Swisher worked. Defendant PA Families, Inc. has not been timely served and joined to this lawsuit and although it is based in this District, its involvement was limited to coordinating and placing Plaintiff at the Loysville facility; and,

- the convenience of the parties and witnesses supports a transfer because Plaintiff and any non-party witnesses are likely based in or near counties within the Middle District of Pennsylvania.

---

defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

*See Cable v. Allied Interstate, Inc.*, 2012 WL 1671350 at *3 (E.D. Pa. May 11, 2012) ("a plaintiff's choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred").

Third, for essentially the same reasons, the relevant public *Jumara* factors, i.e., the second and fourth factors, also support a transfer. *See Cable*, 2012 WL 1671350, at *4-5. To this end, although the use of technology is certainly promoted by the Court, the practical considerations of litigating this case in the U.S. District Court for the Middle District of Pennsylvania favor a transfer since most of the participants are located closer to that area.[2] It also appears that there would be a local interest in alleged civil rights violations committed at youth facilities operated in that area which would be paramount to any interest in this case proceeding in this Court where the only connections are Defendant PA Families, Inc.'s headquarters and the placement of Plaintiff at the Loysville facility in the Middle District. *Id*. Finally, while the Court finds that the remaining private and public *Jumara* factors are neutral, the Court will exercise its broad discretion under 28 U.S.C. § 1404(a) to transfer this matter to the U.S. District Court for the Middle District of Pennsylvania.

IT IS FURTHER ORDERED that the Clerk of Court shall transfer this matter forthwith and serve a certified copy of this transfer order on the Clerk of Court of the U.S. District Court for the Middle District of Pennsylvania; and,

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

                                               *s/Nora Barry Fischer*
                                               Nora Barry Fischer
                                               Senior United States District Judge

---

[2] The Court notes that the location of Plaintiff's counsel is not generally relevant, but his office is in Philadelphia, which is closer to the Middle District of Pennsylvania than this Court.

cc/ecf: All counsel of record.

    Clerk of Court, U.S. District Court for the Middle District of Pennsylvania